UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| JAYME LAURENT, *as Administrator of the Estate of Robert Linkous*, | Case No. 3:17-cv-343 |
| Plaintiff, | District Judge Walter H. Rice<br>Magistrate Judge Sharon L. Ovington |
| vs. | |
| TROY DILTZ, *et al.*, | |
| Defendants. | |

# REPORT AND RECOMMENDATION[1]

## I.     INTRODUCTION

Plaintiff Jayme Laurent, as administrator of the estate of his father, Robert Linkous, brings this action against Troy Diltz; Scott Short; Matthew Blair; Brian Carr; City of Huber Heights, Ohio (collectively, Huber Heights Defendants); Montgomery County, Ohio and the Montgomery County Board of Commissioners; Sheriff Phil Plummer (collectively, County Defendants); and five John Does, alleging, under 42 U.S.C. § 1983, that Defendants deprived Mr. Linkous of his Fourth and Fourteen Amendment rights to be free from unreasonable search and seizure, to receive due process under the law, and to receive medical care. Further, Plaintiff alleges under Ohio law that Defendants caused the wrongful death of Mr. Linkous and intentionally or recklessly inflicted serious emotional distress on him.

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

Plaintiff does not name as parties or assert claims against Montgomery County Jail's medical provider, NaphCare, Inc., or any NaphCare employees. County Defendants (aka Third-Party Plaintiffs), however, filed a Third-Party Complaint (Doc. #14) alleging that NaphCare, Inc. (aka Third-Party Defendant), by refusing to defend and indemnify County Defendants, breached their contract. Additionally, County Defendants seek declaratory judgment requiring NaphCare to defend and indemnify them in this action.

This case is presently before the Court upon Third-Party Defendant NaphCare's Motion to Dismiss Third-Party Complaint (Doc. #17), Third-Party Plaintiffs' Response (Doc. #21), NaphCare's Reply (Doc. #23), and the record as a whole.

**II.     BACKGROUND**

Plaintiff's Complaint provides the background for Third-Party Plaintiff's Complaint. In early October 2015, Robert Linkous, a 49-year-old plumber and electrician, quit using heroin "cold-turkey" and stopped drinking alcohol. (Doc. #1, *PageID* #5). During his withdrawal, his wife noticed that he "began to show signs of mental confusion and heart failure. His behavior was off, he was confused, his legs were swollen, and his skin was beet red. Both his heart rate and blood pressure were elevated." *Id.* at 6. At Mrs. Linkous's request, Plaintiff's sister called for an ambulance, reporting "she didn't know if he was overdosing or on drugs and alcohol." *Id*. She indicated that Mr. Linkous was not violent and did not have any weapons. *Id.* Huber Heights Police Officers—Defendants Troy Diltz, Scott Short, Matthew Blair, and Brian Carr—arrived at the house before the ambulance. *Id*. They removed Mr. Linkous from

the house and ordered Mrs. Linkous to remain inside. *Id.* When an officer returned to the house, Mrs. Linkous explained that Mr. Linkous was withdrawing and had health problems. *Id.*

The officers, after finding two warrants for Mr. Linkous from Clark County, informed Mrs. Linkous that they intended to take him to jail. *Id.* at 7. They did not allow the rescue personnel to treat him. *Id.* And, over Mrs. Linkous's objections, the officers instructed the ambulance to leave. *Id.*

When Officer Diltz booked Mr. Linkous into the Montgomery County Jail, he did not mention that Mr. Linkous had been withdrawing from alcohol and heroin or that he had a heart condition, high blood pressure, and mental confusion. *Id.* at 7-8. However, concerned for her husband's health, Mrs. Linkous called the jail "at least ten times, during all shifts, that evening and throughout the next day." *Id.* at 8. She explained his situation and medical conditions. Her mother and his sister also called. *Id.*

Meanwhile, in jail, Mr. Linkous's medical condition continued to deteriorate and was exacerbated when another inmate "severely beat" him. *Id.* "Mr. Linkous was left bruised and bleeding from his nose and mouth. A jail medic gave him an ice pack but did not assess his medical condition, take his vitals, or provide treatment." *Id.* Indeed, the jail employees "hid from Mrs. Linkous the beating, which was an additional stressor to his heart." *Id.*

Sometime thereafter, deputies from Clark County picked Mr. Linkous up from the Montgomery County Jail and took him to the hospital. *Id.* at 9. According to Plaintiff, "it was obvious to them that he needed immediate medical care: he was bruised and

3

battered and short of breath." *Id*. "Despite being treated at the hospital, Mr. Linkous died of heart failure a few hours after his admission." *Id*.

According to County Defendants, "[a]t the time of the events giving rise to Plaintiff's claims, NaphCare contracted with the [Montgomery County Board of Commissioners (Board)] to provide medical care to inmates within the Montgomery County Jail." (Doc. #14, *PageID* #66). Article Fifteen of their contract requires "NaphCare to defend and indemnify the Board and agents and employees of the Board against all claims arising out of or resulting from any act or omissions of NaphCare or of any agents or employees of NaphCare." *Id*. County Defendants "demanded that NaphCare defend and indemnify [them] in this action, under the provisions of the Contract, but NaphCare has failed and refused to meet its contractual obligations." *Id.* at 68. They contend that NaphCare's refusal constitutes a breach of contract and request declaratory judgment stating that NaphCare is required to defend and indemnify them against any judgment for Plaintiff in this action. *Id*.

## III. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *See RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8, "A pleading that states a claim for relief must contain: … a short and plain statement of the claim showing that the pleader is entitled to relief; and … a demand for the relief sought …." This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129

S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citations omitted); *see also Tackett v. M & G Polymers, USA, LLC,* 561 F.3d 478, 488 (6th Cir. 2009) ("a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'") (quoting in part *Twombly,* 550 U.S. at 555); *Adkisson v. Jacobs Eng'g Grp., Inc.*, 790 F.3d 641, 647 (6th Cir. 2015) ("when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must 'construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true.'") (quoting *Laborers' Local 265 Pension Fund v. iShares Trust*, 769 F.3d 399, 403 (6th Cir. 2014)).

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir. 2001)); *see also Greensberg v. Life Ins. Co.*,

5

177 F.3d 507, 514 (6th Cir. 1999) (citation omitted) ("Under certain circumstances, however, a document that is not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings.").

Federal Civil Procedure Rule 14 governs third-party practice: "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." "Third-party pleading is appropriate only where the third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim; one that merely arises out of the same set of facts does not allow a third-party defendant to be impleaded." *American Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008). In other words, a defendant must be trying to transfer the liability asserted against him by the original plaintiff to the third-party defendant. *Id.*

## IV.  DISCUSSION

Third-Party Defendant NaphCare provided four reasons why County Defendants' Third-Party Complaint should be dismissed. (Doc. #17). First, Plaintiff does not allege any claims against NaphCare or its employees, and County Defendants cannot be vicariously liable under § 1983 for any act or omission of NaphCare. Second, contribution and indemnity are not available under § 1983. Third, the Third-Party Complaint fails to state a plausible cause of action against NaphCare. Fourth, the Third-Party Complaint will needlessly complicate the present suit and prejudice Plaintiff.

County Defendants do not dispute some of these issues. (Doc. #21). The parties agree that County Defendants cannot be held liable under § 1983 on a vicarious liability

6

basis. (Doc. #17, *PageID* #416), (Doc. #21, *PageID* #431); *see Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) ("respondeat superior is not a valid theory of liability for private contractors employed by a state …") (citing *Street v. Corrections Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996)).

They likewise agree that claims for contribution and indemnification are not permitted under § 1983. (Doc. #17, *PageID* #s 414-15); (Doc. #21, *PageID* #431); *see Roell v. Hamilton Cnty.*, No. 1:14-cv-637, 2015 U.S. Dist. LEXIS 73871, *9-10, 2015 WL 3605345, at *4 (S.D. Ohio June 8, 2015) (Beckwith, D.J.) ("[T]he Court concludes that § 1983 does not provide a right of contribution to a defendant against a third-party."); *Doe v. Williamsburg Indep. Sch. Dist.*, No. 6:15-cv-75, 2016 U.S. Dist. LEXIS 57735, *8, 2016 WL 1735850, at *3 (E.D. Ky. May 2, 2016) ("while the Sixth Circuit has not specifically addressed the issue, … the prevailing view is that no right to indemnification or contribution exists under § 1983.") (citing *Coleman v. Casey Cnty. Bd. of Educ.*, 686 F.2d 428, 429 n.1 (6th Cir. 1982); *Allen v. City of Los Angeles*, 92 F.3d 842, 845 n.1 (9th Cir. 1996); *Harris v. Angelina Cnty.*, 31 F.3d 331, 338 n.9 (5th Cir. 1994); *Frantz v. City of Pontiac*, 432 F. Supp. 2d 717, 722 (E.D. Mich. 2006); *Hughes v. Adams*, No. 5:06-cv-p176-R, 2007 U.S. Dist. LEXIS 82483, 2007 WL 3306076 (W.D. Ky. Nov. 6, 2007); *Hart v. City of Williamsburg*, No. 6:04-321-DCR, 2005 U.S. Dist. LEXIS 36056, 2005 WL 1676894, at *3 (E.D. Ky. July 16, 2005)).

*Sufficiency of Factual Allegations*

NaphCare asserts that the allegations in County Defendants' "Third-Party Complaint do not explain: (1) how NaphCare breached its alleged contract with the

7

Board of County Commissioners; or (2) how the underlying allegations against the County Defendants are even related in any way to NaphCare." (Doc. #17, *PageID* #413). According to NaphCare, "Plaintiff's Complaint only alleges **direct** § 1983 and state law claims against Third-Party Plaintiffs. Plaintiff did not sue NaphCare, any NaphCare employees, or allege that any NaphCare employees violated the rights of Plaintiff's decedent." *Id.* at 414 (emphasis in original) (citing Doc. #1).

Under Ohio law, "To establish a claim of breach of contract … a plaintiff must demonstrate: (1) the existence of an enforceable contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damages suffered by the plaintiff as a result of the breach." *Doe v. College of Wooster*, 243 F. Supp. 3d 875, 889 (N.D. Ohio 2017) (citations omitted); *see Savedoff v. Access Grp., Inc.*, 524 F.3d 754, 762 (6th Cir. 2008) ("A party breaches a contract if he fails to perform according to the terms of the contract or acts in a manner that is contrary to its provisions.") (citation omitted).

County Defendants' Third-Party Complaint sufficiently sets forth a claim for breach of contract under Ohio law—including how NaphCare breached the contract. They allege, "NaphCare contracted with the Board to provide medical care to inmates within the Montgomery County Jail." (Doc. #14, *PageID* #66, ¶7) (contract is attached as Exhibit A, *PageID* #s 71-402). Under the contract, NaphCare was required to "protect, defend, indemnify and hold free and harmless [County Defendants] against any and all claims, damages, losses, claims of loss, causes of action, penalties, settlements, costs, liabilities and expenses of any kind … arising out of or resulting from any acts or omissions of the Contractor …, negligent or otherwise." *Id.* at 87. Although County

8

Defendants had "met all of their obligations under the Contract," *id.* at 68, ¶16, NaphCare refused to defend and indemnify them in this action. *Id.* at 67, ¶15. This alleged refusal constitutes a plausible basis for County Defendants' breach-of-contract claim.

To show how Plaintiff's original allegations are related to their Third-Party Complaint, County Defendants rely on Plaintiff's Complaint—specifically, his allegation that "[a] jail medic gave [Robert Linkous] an ice pack but did not assess his medical condition, take his vitals, or provide treatment." (Doc. #1, *PageID* #8). NaphCare contracted with the Board to provide medical care to inmates during the time Mr. Linkous was in custody at the Montgomery County Jail. (Doc. #14, *PageID* #s 66, 71-402. Accepting as true County Defendants' allegation that NaphCare contracted with the Board to provide medical care to inmates, it is reasonable to infer—in County Defendants' favor—that the "jail medic" was employed by NaphCare. Similarly, Plaintiff alleged that Mr. Linkous received sub-standard medical care while in jail. (Doc. #1, *PageID* #s 9-10, ¶38). Given NaphCare's duty to provide medical care, it is reasonable to infer that NaphCare is responsible, at least in part, for Plaintiff's "sub-standard medical care."

County Defendants claim to "bring their third-party claims not under § 1983 but rather under Ohio common law and statutory law." (Doc. #21, *PageID* #437) (citing Doc. #14, *PageID* #s 68, 147). This is an important distinction because, as discussed above, "[t]here is no federal right to indemnification provided in 42 U.S.C. § 1983." *Sanders v. County of Santa Cruz*, 5:13-cv-03205, 2014 U.S. Dist. LEXIS 132933, *20,

9

2014 WL 4773992, at *7 (N.D. Cal. Sept. 19, 2014) (citing *Banks v. City of Emeryville*, 109 F.R.D. 535, 539 (N.D. Cal. 1985)).

Under Ohio law, "'Indemnity arises from contract, either express or implied, and is the right of a person, who has been compelled to pay what another should have paid, to require complete reimbursement.'" *CSX Transp., Inc. v. Columbus Downtown Dev. Corp.*, 307 F. Supp. 3d 719, 728 (S.D. Ohio Mar. 26, 2018) (quoting *Worth v. Aetna Cas. & Sur. Co.*, 32 Ohio St. 3d 238, 240, 513 N.E.2d 253, 256 (Ohio 1987)); *see Roell*, 1:14cv637, 2015 WL 3605345, at *6 ("a claim for indemnity must be based on an express or implied contract between the defendant and a third-party.") (citation omitted). "Failure to indemnify when one has promised to do so may be a breach of the contract for indemnity." *Good v. Lemcon Dev., Inc.*, case no. 12837, 1992 Ohio App. LEXIS 847, *5-6, 1992 WL 28160 (Ohio Ct. App. 1992).

In the present case, County Defendants assert, under Ohio law, they are entitled to contractual indemnity and defense for all of Plaintiff's claims against them—including Plaintiff's § 1983 claim and his state-law claims (wrongful death and intentional infliction of emotional distress). In other words, County Defendants' Third-Party Complaint is based on Ohio's breach-of-contract law—regardless of whether Plaintiff's claims against County Defendants are brought under § 1983 or state law. Because County Defendants' claim for indemnity is based on the breach of an express contract under Ohio law—and not under § 1983—their claim is permissible.

*Judicial Efficiency & Prejudice*

Defendant NaphCare asserts that County Defendants' Third-Party Complaint should be dismissed "because it would needlessly complicate the suit and delay an ultimate resolution of the dispute between Plaintiff and County Defendants." (Doc. #17, *PageID* #417).

"The purpose of Rule 14 is to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit." *American Zurich Ins. Co.,* 512 F.3d at 805. But, "[w]hether to allow an impleader lies within the sound discretion of the Court." *Harmon v. Hamilton Cnty.*, No. 1:10-CV-911-HJW, 2011 U.S. Dist. LEXIS 141341, *7, 2011 WL 6091786, at *2 (S.D. Ohio Dec. 7, 2011) (Weber, D.J.) (citing *General Elec. Co. v. Irvin,* 274 F.2d 175, 178 (6th Cir. 1960); Moore's Federal Practice, Sec. 14.20, citing Advisory Committee Notes.). "[I]n determining whether to exercise its discretion and allow a third-party complaint to proceed, a court may consider whether granting the motion for leave 'would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim.'" *Budsgunshop.com, LLC v. Security Safe Outlet, Inc.*, 2012 U.S. Dist. LEXIS 72575, *24, 2012 WL 1899851 (E.D. Ky. May 23, 2012) (quoting *In re Yamaha Motor Corp. Rhino ATV Products*, No. 3:09-MD-2016-JBC, 2009 U.S. Dist. LEXIS 63793, 2009 WL 2241599, at *2 (W.D. Ky. July 24, 2009); *Trane U.S. Inc. v. Meehan*, 250 F.R.D. 319, 322 (N.D. Ohio 2008)). Further, "'the timeliness of the motion [for leave to implead] is an urgent factor governing the exercise of such discretion.'" *Kindred Healthcare, Inc. v.*

*Homeland Ins. Co.*, no. 3:15-cv-433-CRS, 2016 U.S. Dist. LEXIS 54045, *4 (W.D. Ky. Apr. 21, 2016) (quoting *General Elec. Co.*, 274 F.2d at 178). "Courts should freely grant timely motions." *Id.* (citation omitted).

In *Harmon,* the court denied leave to file a third-party complaint because "its filing would unduly complicate and further delay the proceedings in this case." 2011 WL 6091786, at *3. Specifically, "the court is concerned about the resulting prejudice *to the plaintiffs,* whose case is being delayed by wrangling over the [third-party plaintiffs'] tenuous arguments for potential third-party liability." *Id.* Further, the court highlighted the distinction between the cases—"emphasiz[ing] that this is a civil rights action pursuant to 42 U.S.C. § 1983, not a breach of contract or insurance interpleader case." *Id.*; *see South Macomb Disposal Auth. v. Model Dev., LLC,* No. 11-CV-12715, 2013 U.S. Dist. LEXIS 21781, *22, 2013 WL 607840, at *8 (E.D. Mich. Feb. 19, 2013) ("granting impleader will only serve to complicate and lengthen the resolution of the matter already before the Court and will prevent the parties from receiving a reasonably expeditious adjudication.") (citations omitted). Recently, this Court relied, in part, on the reasons provided in *Harmon* to dismiss a third-party complaint. *Guglielmo v. Montgomery Cnty.*, 3:17cv6, 2017 U.S. Dist. LEXIS 198853, 2017 WL 5991849 (S.D. Ohio Dec. 4, 2017) *report and recommendations adopted*, 2017 U.S. Dist. LEXIS 208879, 2017 WL 6508590 (S.D. Ohio Dec. 20, 2017).

Initially, *Harmon* and *Guglielmo* appear to be analogous to the present case. However, there are several key distinctions. In *Harmon,* the Court notes, "the proposed third-party complaint and related briefs abundantly illustrate that its filing would unduly

complicate and further delay proceedings …" 2011 WL 6091786, at *3. By comparison, in the present case, County Defendants' Third-Party Complaint has not substantially delayed proceedings and there is no indication that it will in the future. Further, in contrast to the contentious discovery in *Guglielmo*, the discovery in this case is proceeding without need for the Court's intervention. Unlike the defendants in *Guglielmo*, County Defendants filed the third-party complaint early in the case—before the scheduling order was issued on April 24, 2018. Discovery was in its very earliest stages. Although NaphCare's Motion to Dismiss may have slightly delayed the case, the delay is not so substantial as to prejudice Plaintiff.

It is likely that adding another party will cause at least some complications. For instance, the addition of NaphCare will require the parties to explore the contract between County Defendants and NaphCare and an area of law—specifically, contract law—that they would otherwise have no need to address in the present case. However, according to County Defendants, "the legal issue presented in the third-party complaint is not complicated" and "[m]ost of the discovery that would be necessary for the third-party claim will already have to be conducted in the underlying case." (Doc. #31, *PageID* #444).

Further, the addition of NaphCare as third-party defendant may help the resolution of the case. For example, having all the parties at the table may be beneficial for alternative dispute resolution, such as mediation. The addition would likewise promote judicial economy by preventing the need for a second lawsuit.

13

County Defendants' Third-Party Complaint should not be dismissed because it does not needlessly complicate the suit or delay an ultimate resolution. Instead, it will likely "expedite the final determination of the rights and liabilities of all the interested parties in one suit." *American Zurich Ins. Co.*, 512 F.3d at 805.

## IT IS THEREFORE RECOMMENDED THAT:

Third-Party Defendant NaphCare, Inc.'s Motion to Dismiss (Doc. #17) be DENIED.

November 1, 2018                *s/Sharon L. Ovington*
                                Sharon L. Ovington
                                United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).