IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JAYME LAURENT, | : | CASE NO.  3:17-cv-343 |
| Plaintiff, | : | Judge Rice |
| v. | : | |
| TROY DILTZ, et al., | : | **ANSWER TO THIRD-PARTY COMPLAINT, OF NAPHCARE, INC.** |
| Defendants/Third-Party Plaintiffs, | : | **(JURY DEMAND ENDORSED HEREON)** |
| v. | : | |
| NAPHCARE, INC., | : | |
| Third-Party Defendant. | : | |
| | : | |

Now comes the Third-Party Defendant, NaphCare, Inc., by and through the undersigned counsel, and for its Answer to the Third-Party Complaint of Montgomery County, Ohio, the Montgomery County Board of Commissioners, and Montgomery County Sheriff Phil Plummer, (Doc. 14), states as follows:

**ANSWER TO THIRD-PARTY COMPLAINT**

1.      Third-Party Defendant admits that Plaintiff's pleadings speak for themselves. Third-Party Defendant otherwise denies the allegations contained in Paragraph 1 of The Third-Party Complaint.

2.      Third-Party Defendant denies the allegations contained in Paragraph 2 of The Third-Party Complaint.

3.      Third-Party Defendant denies the allegations contained in Paragraph 3 of The Third-Party Complaint.

4.      Third-Party Defendant admits that Third-Party Plaintiffs' pleadings speak for themselves.  Third-Party Defendant otherwise denies the allegations contained in Paragraph 4 of The Third-Party Complaint.

5.      Upon information and belief, Third-Party Defendant admits the allegations contained in Paragraph 5 of The Third-Party Complaint.

6.      Third-Party Defendant admits the allegations contained in Paragraph 6 of The Third-Party Complaint.

7.      Third-Party Defendant admits that a contract exists between itself and the Board of Commissioners, which speaks for itself.  Third-Party Defendant otherwise denies the allegations contained in Paragraph 7 of The Third-Party Complaint.

8.      Third-Party Defendant admits that a contract exists between itself and the Board of Commissioners, which speaks for itself.  Third-Party Defendant otherwise denies the allegations contained in Paragraph 8 of The Third-Party Complaint.

9.      Third-Party Defendant denies for want of knowledge the allegations contained in Paragraph 9 of The Third-Party Complaint.

10.     Third-Party Defendant denies the allegations contained in Paragraph 10 of The Third-Party Complaint.

11.     Third-Party Defendant denies the allegations contained in Paragraph 11 of The Third-Party Complaint.

12.     Third-Party Defendant admits that a contract exists between itself and the Board of Commissioners, which speaks for itself.  Third-Party Defendant otherwise denies the allegations contained in Paragraph 12 of The Third-Party Complaint.

## COUNT I – BREACH OF CONTRACT

13.     Third-Party Defendant incorporates the preceding paragraphs as if fully rewritten herein.

14.     Third-Party Defendant admits that a contract exists between itself and the Board of Commissioners, which speaks for itself.  Third-Party Defendant otherwise denies the allegations contained in Paragraph 14 of The Third-Party Complaint.

15.     Third-Party Defendant admits that a contract exists between itself and the Board of Commissioners, which speaks for itself.  Third-Party Defendant otherwise denies the allegations contained in Paragraph 15 of The Third-Party Complaint.

16.     Third-Party Defendant denies the allegations contained in Paragraph 16 of The Third-Party Complaint.

17.     Third-Party Defendant denies the allegations contained in Paragraph 17 of The Third-Party Complaint.

18.     Third-Party Defendant denies the allegations contained in Paragraph 18 of The Third-Party Complaint.

## COUNT II – DECLARATORY JUDGMENT

19.     Third-Party Defendant incorporates the preceding paragraphs as if fully re-written herein.

20.     Third-Party Defendant admits that a contract exists between itself and the Board of Commissioners, which speaks for itself.  Third-Party Defendant otherwise denies the allegations contained in Paragraph 20 of The Third-Party Complaint.

21.     Third-Party Defendant denies the allegations contained in Paragraph 21 of The Third-Party Complaint.

22.     Third-Party Defendant denies the allegations contained in Paragraph 22 of The Third-Party Complaint and the "Wherefore" Paragraph of the Third-Party Complaint.

## AFFIRMATIVE DEFENSES

1.     Third-Party Defendant denies all allegations and claims asserted in The Third-Party Complaint which are not specifically admitted herein.

2.     The Third-Party Complaint fails to state a claim against Third-Party Defendant upon which relief can be granted.

3.     The Third-Party Complaint fails to comply with Ohio Civ. R. 10(D).

4.     Third-Party Plaintiffs have failed to join all necessary and indispensable parties required to be joined by the Federal Rules of Civil Procedure.

5.     Third-Party Plaintiffs' (or their agents/employees') own negligence and/or intentional acts and/or breach of duty solely caused or proximately contributed to any injuries and/or damages allegedly sustained by Third-Party Plaintiffs.

6.     Plaintiff's decedent's death was caused by an Act of God.

7.     Plaintiff's decedent's death was caused by his own comparative negligence and/or assumption of risk.

8.     Any injuries or damages allegedly sustained by Third-Party Plaintiffs were proximately caused by acts and/or omissions of third persons over whom Third-Party Defendant had no right or authority to control and for whom Third-Party Defendant is not liable.

9.     Third-Party Plaintiffs' alleged damages, if any exist, were not directly, proximately, or actually caused by the allegedly tortious or unlawful conduct of Third-Party Defendant or its agents or employees.

10.     Third-Party Plaintiffs' claims are barred due to an intervening and superseding cause.

11.     There has been an insufficiency of process and/or insufficiency of service of process upon Third-Party Defendant. Third-Party Defendant is entering a defense as to protect the answer date. Therefore, no defenses as to improper service or process are waived herein.

12.     This Court may lack personal or subject matter jurisdiction.

13.     Third-Party Plaintiffs may not have standing, capacity to sue and/or may not be the real party in interest.

14.     Third-Party Defendant are entitled to absolute and/or qualified immunity under state and/or federal law from any and all of Third-Party Plaintiffs' claims.

15.     Third-Party Plaintiffs' claims may be barred by the doctrines of laches, waiver, res judicata, and/or estoppel.

16.     Any claimed actions by Third-Party Defendant or claimed inactions were protected by an absolute or qualified privilege.

17.     Third-Party Defendant did not perform any alleged wrongful act(s) in breach of any contract, negligently, knowingly, purposefully, with malicious purpose, in bad faith, intentionally, recklessly, willfully, or wantonly.

18.     The allegations contained in The Third-Party Complaint do not invoke 42 USC § 1983.

19.     The individually named Third-Party Defendant's employees/agents appropriately treated the Plaintiff's decedent within the utmost consideration and care in compliance with all state and federal law.

20.     Third-Party Defendant is not a state or federal actor.

21.     Third-Party Defendant is immune from liability.

22.     The decedent was a pre-trial detainee.

23.     Third-Party Defendant's employees or agents did not act with deliberate indifference to a known serious medical need of the decedent.

24.     Defendant NaphCare, Inc. did not create a policy, custom or procedure that led to any constitutional violation.

25.     NaphCare, Inc. is not subject to vicarious liability under 42 U.S.C. 1983.

26.     Third-Party Plaintiffs' claims are time-barred by the applicable statute(s) of limitations and/or barred by the doctrine of laches.

27.     Third-Party Plaintiffs' alleged damages may be subject to a statutory cap.

28.     Third-Party Defendant reserves the right to seek a set-off and/or to apportion fault to one or more other persons/entities pursuant to Ohio law.

6

29.     The Third-Party Defendant did not cause Third-Party Plaintiffs or Plaintiff's decedent any injury.

30.     Third-Party Defendant's action(s) or inaction(s) did not arise to the level of deliberate indifference.

31.     Third-Party Plaintiffs or their employees/agents breached the contract that exists between Third-Party Defendant and the Board of Commissioners.

32.     By wrongfully accusing Third-Party Defendant of breach of its contract with the Board of Commissioners, Third-Party Plaintiffs have breached and anticipatorily repudiated the contract with Third-Party Defendant.

33.     One or more of the Third-Party Plaintiffs is an unintended third-party beneficiary of Third-Party Defendant's contract with the Board of Commissioners, to the extent that any of these parties is a third-party beneficiary at all.

34.     Third-Party Defendant hereby gives notice that it intends to rely upon and utilize any other affirmative defenses which become apparent or available during the course of discovery and hereby reserve the right to amend their answer to assert such defense(s).

WHEREFORE, having fully answered The Third-Party Complaint, Defendant, NaphCare, Inc., respectfully requests that The Third-Party Complaint be dismissed with prejudice, that judgment be entered in Third-Party Defendant's favor and that Defendant recover all costs and attorney's fees from Third-Party Plaintiffs.

Respectfully submitted,

REMINGER CO., L.P.A.

s/ Robert W. Hojnoski
Robert W. Hojnoski (0070062)
Carrie Masters Starts (0083922)
Nathan A. Lennon (0091743)
525 Vine St., Suite 1700
Cincinnati, OH 45202; Tel:  (513) 721-1311
Fax: (513) 721-2553
Email:  rhojnoski@reminger.com
        cstarts@reminger.com
        nlennon@reminger.com
**Counsel for Third-Party Defendant, Naphcare, Inc.**

## JURY DEMAND

Third-Party Defendnant, Naphcare, Inc., hereby demands a jury on all issues so triable.

s/ Robert W. Hojnoski
Robert W. Hojnoski (0070062)

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been electronically filed this 3rd day of December, 2018 through the Court's CM/ECF system.  Notice of filing will be automatically sent to all counsel (and their designees) who have entered their appearance of record and who are registered with this Court's CM/ECF system.  Such notice constitutes service by rule.

s/ Robert W. Hojnoski
Robert W. Hojnoski